# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER GLEASON** : | |
| : | |
| v. : | **CIVIL ACTION NO. 20-4135** |
| : | |
| **FIRSTRUST BANK et al.** : | |

**McHUGH, J.**                                                                                                      **May 10, 2021**

## MEMORANDUM

      This case arises out of a business dispute between a resident of California and a resident of Florida over control of an investment fund organized under Florida law, MMGJV Fund 1 LLC ("the Fund"). In December 2018, one of the principal investors in a Florida LLC charged with managing the Fund, Christopher Gleason, sued another principal investor, Robert Marlin, in Gleason's home state of California. Marlin responded with counterclaims. On two occasions, Gleason moved the California court for injunctive relief, and twice he was denied, as the court found that he had not shown a probability of success on the merits. Trial was scheduled for October, 2020, but postponed due to the COVID-19 pandemic. Approximately 20 months after bringing the California action, after a lack of success there, Gleason filed virtually identical claims in this Court, and then voluntarily dismissed his claims in California. The sole connection to Pennsylvania is a lender.

      In response to the filing of this action, Marlin moved to dismiss or stay. Def.'s Mot. Dismiss, ECF 7. Gleason then amended his initial Complaint as of right. First Am. Compl., ECF 8. When Marlin again moved to dismiss or stay, ECF 15, Gleason requested leave to file a second amended complaint. Pl.'s Mot. Leave to File Sec. Am. Compl., ECF 18. Marlin objects to such amendment, arguing that it is futile, given the strong arguments in favor of abstention, and highly prejudicial given how long the California action has been pending. Def.'s Mot. Abstain or

Dismiss, ECF 15; *see* Def.'s Notice of Applicability, ECF 19. Given the advanced stage of the litigation in California, I have decided that it is not appropriate for this Court to insert itself into a dispute that has no substantive connection to Pennsylvania, particularly where the Plaintiff's maneuvers can only be viewed as forum-shopping. I will therefore abstain under *Colorado River* and stay these proceedings pending the outcome of the California litigation. *See Colorado River Water Conservation District et al. v. United States*, 424 U.S. 800 (1976); Court's Memo. of Law Granting Def.'s Mot. Abstain or Dismiss, May 10, 2021, ECF 46. I incorporate the memorandum analyzing abstention by reference. ECF 46. For the reasons outlined in that memorandum, and the additional reasons set forth below, I will deny Gleason leave to file a second amended complaint as futile and as unduly prejudicial to Marlin.

## I. STANDARD OF REVIEW

Where the time limits for amending pleadings as a matter of course have expired, "a party may amend its pleading only with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(1). The Rule provides that the court should freely give leave when justice so requires, but the court, in its discretion, may deny leave to amend when there is undue delay, prejudice, bad faith, or futility. *Id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Mullin v. Balicki*, 875 F.3d 140, 149-50 (3d Cir. 2017).

## II. DISCUSSION

Here, Gleason takes the ironic position of claiming to represent the Fund as its manager, *see* First Am. Compl. ¶¶ 6, 27, Prop. Sec. Am. Compl. ¶¶ 7, 27, while simultaneously seeking to name it as an additional defendant. *See* Prop. Sec. Am. Compl. Given that Gleason asserts that he has been managing the Fund pursuant to his purported authority with respect to MMG12, formally joining the Fund as a party would not change my conclusion that the California

proceedings are parallel. *See IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 306 (3d Cir. 2006) (the Third Circuit has "never required complete identity of parties for abstention") (internal citation omitted); *see also Kanter v. Barella*, 489 F.3d 170, 181 (3d Cir. 2007) (futility alone is sufficient ground to deny leave to amend).

Even assuming that the proposed amendment would not be futile, it would nonetheless be highly prejudicial to Marlin. He is a Florida resident who has already been litigating this case for over two years in California and would be forced to waste additional resources responding to a second case in Pennsylvania. *See Lorenz v. CSX Corporation*, 1 F.3d 1406, 1414 (3d Cir. 1993) ("prejudice to the non-moving party is the touchstone for the denial of an amendment"). Moreover, the motion to amend smacks of bad faith given that it was filed shortly after Marlin requested this Court to abstain based on the existence of parallel state litigation. It would also be extraordinarily wasteful of judicial resources. For the same reasons set forth in the accompanying memorandum staying this matter, I deem Gleason's attempt to add the Fund as a Defendant nothing more than tactical maneuvering, in an attempt to avoid abstention, and to avoid the litigation that he himself initiated in his home state two and a half years ago.

The Motion for leave to file a second amended complaint will be denied accordingly. An appropriate Order follows.

/s/ Gerald Austin McHugh
United States District Judge